UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------x

SONIA COLE,
               Plaintiff,

      -against-                           MEMORANDUM AND ORDER
                                              05-CV-4070 (CBA)

APPELLATE TERM COURT STAFF;
PLAZA HOME LLC.,

               Defendants.
------------------------------------------------------x

AMON, United States District Judge.

Plaintiff, appearing *pro se*, brings this action pursuant to 28 U.S.C. §§ 1331, 1332 and 42 U.S.C. § 1983.[1] The Court grants plaintiff's request to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915, solely for the purpose of this order and dismisses the case for the reasons stated below.

## Discussion

This action is the latest in a series of unsuccessful cases plaintiff has filed in this Court.

---

[1] Plaintiff has filed twelve other actions with this Court. See Cole v. Beneficial Mortgage, 01-cv-3327 (CBA) (bankruptcy appeal, dismissed by order dated November 29, 2001, for failure to prosecute); Cole v. Merrick Realty, LLC.,03-cv-1230 (CBA) (bankruptcy appeal, dismissed by order dated December 4, 2003, pursuant to 28 U.S.C. 1915 (e)); Cole v. Merrick Realty, LLC et al, 04-cv-908 (CBA) (§ 1983, dismissed by order dated May 20, 2004, pursuant to 28 U.S.C. 1915 (e)); Cole v. Leverett, 04-cv-5216 (CBA) (dismissed by order dated December 6, 2004, pursuant 28 U.S.C. § 1915 (e)); Cole v. Katz, 04-cv-5217 (CBA) (dismissed by order dated December 6, 2004, pursuant 28 U.S.C. § 1915 (e)); Cole v. Hanks et al., 05-cv-1831 (CBA) (pending § 1983); Cole v. Plaza Homes LLC., 05-cv-2055 (CBA) (§ 1983, dismissed by order dated May 23, 2005, for lack of subject matter jurisdiction; plaintiff was cautioned against filing non-meritorious complaints); Cole v. Jack & Hendra Movers, Inc., 05-cv-2203 (CBA) (§ 1983, dismissed by order dated May 18, 2005, for lack of subject matter jurisdiction; plaintiff was cautioned against filing non-meritorious complaints); Cole v. US Department of Justice et al., 05-cv-2997 (CBA) (§ 1983, dismissed by order dated August 23, 2005); Cole v. Testani et al., 05-cv-3908 (CBA) (§ 1983, dismissed by order dated August 23, 2005, plaintiff barred from filing future *in forma pauperis* complaints by order dated October 25, 2005); Cole v. Hanks et al., 05-cv-4068 (CBA) (§ 1983, dismissed for failure to meet requirements of Fed. R. Civ. P. 8); Cole v. 'Board of Education v. Brown,' 05-cv-4869 (§ 1983, dismissed for lack of subject matter jurisdiction).

1

Plaintiff's handwritten complaint is barely legible. As best as can be discerned, plaintiff alleges that the Appellate Term mailed notification of a hearing to her at the wrong address. (Complaint at 2.) Plaintiff's allegations against Plaza Homes appear to stem from plaintiff's bankruptcy and subsequent eviction from her home, and appear to be essentially the same as the claims plaintiff asserted in a prior action that was dismissed by the Court for lack of subject matter jurisdiction. (Compare Complaint at 3 with Cole v. Plaza Homes LLC, No. 05-CV-2055, (E.D.N.Y. June 23, 2005).) Plaintiff seeks monetary damages and injunctive relief.

## Standard of Review

The Court construes plaintiff's pleadings liberally particularly because they allege civil rights violations. Haines v. Kerner, 404 U.S. 519, 520 (1972); McEachin v. McGuinnis, 357 F.3d 197, 200 (2d Cir. 2004). However, a plaintiff seeking to bring a lawsuit in federal court must establish that the court has subject matter jurisdiction over this action. See e.g., Rene v. Citibank NA, 32 F.Supp.2d 539, 541–43 (E.D.N.Y. 1999) (dismissing *pro se* plaintiff's complaint for lack of subject matter jurisdiction). Furthermore, under 28 U.S.C. § 1915 (e)(2)(B), a district court shall dismiss an *in forma pauperis* action where it is satisfied that the action "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." An action is deemed frivolous as a matter of law when, *inter alia*, it "lacks an arguable basis in law, or a dispositive defense clearly exists on the face of the complaint." Livingston v. Adirondack Beverage Co., 141 F.3d 434, 437 (2d Cir. 1998).

## Discussion

"Neither a state nor its officials acting in their official capacities are persons under § 1983." Will v. Michigan Dept. of State Police, 491 U.S. 58, 71 (1989). The Appellate Term is

2

part of the "judicial arm of the State of New York," and therefore likewise is not a "person" that may be sued under § 1983. Zuckerman v. Appellate Div., 421 F.2d 625, 626 (2d Cir. 1970). The Appellate Term and its staff are therefore not subject to suit for damages under § 1983 for allegedly sending plaintiff's mail to the improper address. See also Del Re v. Del Re, No. 05-CV-3490 (SLT), 2005 WL 1962341, at *2 (E.D.N.Y. Aug. 10, 2005) (the Unified Court System cannot be sued under 42 U.S.C. § 1983); Brooks v. New York State Supreme Court, No. 02-CV-4183 (RR), 2002 WL 31528632, at * 2 (E.D.N.Y. Aug. 16, 2002) (state court is not subject to suit under § 1983).

In addition to seeking damages, Plaintiff asks this Court to vacate the judgment entered in her state-court case as a result of the Appellate Term's allegedly improper mailing of notice of the relevant hearing. United States District Courts have no authority to review decisions of state courts. District of Columbia Court of Appeals v. Feldman, 460 U.S. 462, 476 (1983); Phifer v. City of New York, 289 F.3d 49, 55 (2d Cir. 2002) (stating Rooker-Feldman doctrine holds that federal district courts lack subject matter jurisdiction over cases that effectively seek review of judgments of state courts); cf. 42 U.S.C. § 1983 (granting immunity to judicial officers from suit for injunctive relief for acts performed in their judicial capacity). Therefore, this Court cannot vacate the action of the Appellate Term in plaintiff's state court proceedings and order a new hearing with new notice.

Similarly, to the extent that plaintiff's complaint seeks this to have this Court invalidate the foreclosure and subsequent sale of her home, this Court lacks subject matter jurisdiction over plaintiff's claims pursuant to Rooker v. Fidelity Trust Co., 263 U.S. 413, 415-16 (1923) and District of Columbia Court of Appeals v. Feldman, 460 U.S. at 482-86 (Rooker-Feldman doctrine). The Supreme Court recently stated in Exxon Mobil Corp. v. Saudi Basic Indus. Corp., 544 U.S. ----, 125 S.Ct. 1517, 161 L.Ed.2d 454 (2005), that the Rooker-Feldman doctrine

3

precludes a district court from hearing "cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the federal district court proceedings commenced and inviting district court review and rejection of those judgments." Id. at 1521-22; see also Trang v. Concris Realty Co., No. 05-CV-5441, 2005 WL 1398004 (E.D.N.Y. June 14, 2005) (federal court lacks jurisdiction over eviction proceedings); Dockery v. Cullen & Dykman, 90 F.Supp.2d 233 (E.D.N.Y. 2000) (federal court lacks jurisdiction over claim that foreclosure was obtained by fraud); see also Beckford v. Citibank NA., No. 00-CV-205, 2000 WL 1585684 (S.D.N.Y. Oct. 24, 2000) (federal court lacks jurisdiction over claim that defendants violated state and federal laws during foreclosure proceedings); Drew v. Chase Manhattan Bank, NA., No. 95-CV-3133, 1998 WL 430549 (S.D.N.Y. July 30, 1998) (federal court lacks jurisdiction over claim that judgment of foreclosure was obtained by fraud).

## Conclusion

Accordingly, plaintiff's complaint is dismissed for failure to state a claim on which relief may be granted. 28 U.S.C. § 1915 (e)(2)(B)(ii). The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal would not be taken in good faith and therefore *in forma pauperis* status is denied for the purpose of any appeal. Coppedge v. United States, 369 U.S. 438, 444–45 (1962).

SO ORDERED.

CAROL B. AMON
United States District Judge

Dated: Brooklyn, New York
October 31, 2005

4