UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------x

SONIA COLE,

                Plaintiff,

                -v-

APPELLATE TERM COURT STAFF;
PLAZA HOMES, LLC.,

                Defendants.
----------------------------------------------------------x

NOT FOR PUBLICATION
**MEMORANDUM & ORDER**
05 CV 4070 (CBA)

AMON, Chief Judge.

On August 18, 2005, plaintiff Sonia Cole, appearing *pro se,* filed this action pursuant to 28 U.S.C. §§ 1331, 1332 and 42 U.S.C. § 1983. By Memorandum and Order dated October 31, 2005, this Court dismissed plaintiff's complaint for failure to state a claim upon which relief may be granted. Plaintiff appealed to the Court of Appeals for the Second Circuit, and the Second Circuit dismissed the appeal, warning plaintiff that the continued filing of duplicative and meritless appeals would result in leave to file sanctions. See Second Cir. Dk Nos. 05-6220; 05-6218; 05-3539; 05-3534; 05-6480; 05-6227; 06-0822.

More than six years later, plaintiff seeks to reopen the instant action. Although the basis for the motion is difficult to discern, the Court liberally construes the submission as a motion for reconsideration pursuant to Rule 60(b) of the Federal Rules of Civil Procedure. For the reasons stated below, the motion for reconsideration is denied as time-barred and lacking in merit.

1

## DISCUSSION

Rule 60(b) permits a court, in its discretion, to rescind or amend a final judgment or order in limited circumstances. The rule states in pertinent part:

> On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);(3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or (6) any other reason that justifies relief.

The Second Circuit has held that Rule 60(b) constitutes "extraordinary judicial relief" and should be "invoked only upon a showing of exceptional circumstances." Nemaizer v. Baker, 793 F.2d 58, 61 (2d Cir. 1986). "The standard for granting such a motion is strict, and reconsideration will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked . . .." Shrader v. CSX Transp. Inc., 70 F.3d 255, 257 (2d Cir. 1995).

Plaintiff's motion for reconsideration under Rule 60(b) fails to point to any authority or evidence that the Court overlooked in dismissing her action. To the contrary, plaintiff once again appears to argue that there was a fraudulent transfer of her property. Thus, plaintiff has not provided any arguments which falls into any of the specific grounds for relief enumerated in Rule 60(b)(1)-(5), and does not present "extraordinary circumstances," justifying relief under the catch-all provision of Rule 60(b)(6).

Moreover, Rule 60(b) requires that a motion under subsections (1), (2) and (3) be made within one year of the order's entry. See Fed.R.Civ.P. 60 (c)(1). Plaintiff filed this action six

years after the Court's order dismissing her action, and thus any attempt to bring a motion for reconsideration under Rule 60(b) subsections (1), (2) or (3), are clearly time-barred. See, e.g., Kellogg v. Strack, 269 F.3d 100, 104 (2d Cir. 2001) ("Kellogg's motion was made twenty-six months after the entry of the final judgment, a period of time which constitutes a patently unreasonable delay absent mitigating circumstances."); Finally, as previously noted, plaintiff fails to provide any facts to show that consideration is warranted under Rule 60 (b)(4), 60(b)(5), or 60(b)(6).

## CONCLUSION

Accordingly, plaintiff's motion for reconsideration under Rule 60(b) is denied as time-barred and lacking merit. The Court certifies pursuant to 28 U.S.C. § 1915 (a)(3) that any appeal from this Order would not be taken in good faith and therefore *in forma pauperis* status is denied for the purpose of an appeal. Coppedge v. United States, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

/S/

Carol Bagley Amon
United States District Judge

Dated: Brooklyn, New York
April 13, 2012